IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK FRATUS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONTRA COSTA COUNTY BOARD OF SUPERVISORS IN ITS OFFICIAL CAPACITY; DIRECTOR OF THE CONTRA COSTA COUNTY DEPARTMENT OF CONSERVATION & DEVELOPMENT, et al.,<br><br>Defendants. | Case No.: C-11-3659 JSC<br><br>**ORDER DENYING PLAINTIFFS' RULE 60(d) MOTION FOR RELIEF FROM FINAL JUDGMENT** |

Now pending before the Court is Plaintiffs' Rule 60(b) motion for relief from final judgment. (Dkt. No. 126.) Because the Court finds this motion suitable for disposition without oral argument pursuant to Local Rule 7-1(b), the Court VACATES the hearing set for October 17, 2013. Having carefully considered the parties' briefing, the Court DENIES Plaintiffs' motion.

**BACKGROUND**

The parties' dispute arises out of a code enforcement action on Plaintiffs' properties at 2284 and 2300 Dutch Slough Road in the Oakley area of unincorporated Contra Costa County. Specifically, Defendants issued code enforcement violations, and eventually three notices of fines, for the use of lower-level dwelling units in a designated flood zone.

Plaintiffs appealed Defendants' notices of fines, and in late 2009 the appeal hearing on the three notices was held. Jason Crapo was the Building Official to hear the building code violations, and Robert Drake was the Deputy Zoning Administrator to hear the zoning code violations. Contra Costa County staff presented reports to the hearing examiners. Plaintiffs' then-attorneys also presented evidence to the hearing examiners.

Less than a month later, a final administrative order was issued upholding the $12,900 in fines. Following the decision, Plaintiffs filed a petition for an administrative mandate in Contra Costa County Superior Court. In 2011, the state court granted Plaintiffs' motion for administrative mandate, finding that the weight of the evidence established that both properties had been permitted during the 1960s for two stories of living space. Although Plaintiffs chose not to act on the state court's mandate, Defendants nonetheless rescinded the fines and released the Assessment Liens for Plaintiffs' failure to pay their fines, as well as the Notice of Pending Nuisance Abatement.

Also following the state court's mandate, Plaintiffs filed this action, alleging claims under 42 U.S.C. § 1983 for violations of their procedural and substantive due process rights. On December 21, 2012, the Court granted Defendants' motion for summary judgment, and entered judgment in favor of Defendants. (Dkt. Nos. 119, 120.) The Court concluded that Plaintiffs' procedural due process claim—which alleged that Crapo was biased in favor of the Contra Costa County Department of Conservation and Development ("DCD")—failed as a matter of law because there was no genuine dispute that DCD revenues from fines for the applicable time periods were *de minimus*. Regarding substantive due process, the Court held that summary judgment was warranted because Plaintiffs had failed to raise an issue of fact as to whether Defendants' conduct in enforcing its land use and building codes was arbitrary and egregious.

On January 18, 2013, Plaintiffs filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit. (Dkt. No. 122.)

## DISCUSSION

"When a petitioner wants to file a Rule 60(b) motion in a case already on appeal, the petitioner may request the district court to indicate whether it would entertain such a motion." *McKinley v. McDonald*, 2013 WL 210244, at *1 (N.D. Cal. Jan. 17, 2013); *see also Williams v. Woodford*, 384

F.3d 567, 586 (9th Cir. 2004) ("To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate] court, if appropriate, for remand of the case." (internal quotation marks omitted) (alterations original)). If this procedure is not observed, the district court lacks jurisdiction to consider the Rule 60(b) motion. *See Williams*, 384 F.3d at 586.

Thus the question before this Court is a limited one. It is simply whether the Court is "willing to entertain" a Rule 60(b) motion considering the newly proffered evidence. For the reasons stated below, the Court is not willing to entertain a Rule 60(b) motion.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). "Rule 60(b) [ ] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Relief under Rule 60(b)(6)—"any other reason justifying relief"—requires a party to "show 'extraordinary circumstances,' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 393 (1993). Such relief "normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

### A. Procedural Due Process Claim

Regarding their procedural due process claim, Plaintiffs either present evidence already in the record or evidence that could have been discovered with regular due diligence. Relying on evidence already in the record on Defendants' motion for summary judgment, Plaintiffs now argue for the first time that Crapo was biased because he investigated and issued the violations, and then adjudicated those violations. Plaintiffs contend that this Court "failed to consider" and "bypassed" particular

3

pieces of evidence supporting this argument. Plaintiffs' attempt to transfer blame to the Court is not well taken. Plaintiffs, who were represented by counsel, had every opportunity to discover evidence, examine it, form their arguments as they wish, and present them to the Court. The failure to timely present this new argument is no one's fault but Plaintiffs' own, and Plaintiffs have articulated no persuasive reason that justifies their failure. To the extent Plaintiffs argue that their counsel is to blame for the failure to recognize all available arguments, the Court notes that such an argument is unpersuasive. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1).").

Moreover, even if this Court were to consider Plaintiffs' new argument, it would likely fail since "[t]he Supreme Court has made abundantly evident that an investigator's investigation and conclusion as to misconduct does not disqualify the investigator as a judge of the misconduct." *Eklund v. City of Seattle Mun. Court*, 628 F.3d 473, 484-85 (9th Cir. 2010) (citing *Withrow v. Larkin*, 421 U.S. 35, 47–50 (1975)).

Plaintiffs also return to their original argument made in opposition to summary judgment—that Crapo was biased in favor of DCD because any fines would go to that department—and assert that since the hearing, Plaintiffs have "uncovered evidence that the revenues in the year in which the defendants claim they had no income, is instead perhaps in the $!00,000s [sic]." (Dkt. No. 126 at 10.) There are several problems with this new evidence. To begin, there is nothing to indicate that this evidence—which comprises publicly available County records—could not have been obtained with due diligence prior to entry of judgment. The Court said as much in its Order granting Defendants summary judgment where, the night before the hearing, Plaintiffs filed documents purporting to challenge Defendants' evidence regarding revenue: "Plaintiffs had ample time during discovery to obtain evidence supporting their theory of institutional bias yet waited until after the close of briefing on Defendants' summary judgment motion to gather such evidence. This delay will not be excused." (Dkt. No. 119 at 7.) That remains true today; the delay will not be excused. In addition, Plaintiffs' new evidence is two-hundred-plus pages of County records that are presented with no summary or analysis beyond Plaintiffs' contention that the evidence shows that DCD's revenue in certain years "is

1  [] perhaps in the $!00,000s [sic]." Further, even if the Court were to assume that DCD's revenue from
2  fines in fiscal year 08/09 is $1,000,000—which even exceeds Plaintiffs' estimate—such revenue
3  would merely be 1.9% of DCD's $51,562,747 08/09 budget. (*Id.*) As this Court noted in its previous
4  Order, the Ninth Circuit has found that even a 5% rate of fine revenue is not "strong so that it
5  reasonably warrants fear of partisan influence on the judgment." *Alpha Epsilon Phi Tau Chapter*
6  *Housing Ass'n v. City of Berkeley*, 114 F.3d 840, 847 (9th Cir. 1997). Thus, the failure to produce
7  this evidence prior to entry of judgment did not injure Plaintiffs because it would not have changed
8  the outcome of the Court's ruling.

9  Finally, to the extent Plaintiffs argue that the discrepancy between the parties' differing
10 revenue numbers is a result of Defendants' fraudulent conduct, the record before this Court does not
11 support such an allegation of fraud and thus relief on this basis would be unwarranted. *See Latshaw v.*
12 *Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1104 (9th Cir. 2006) ("[I]n order to provide grounds for
13 relief, the fraud must involve an unconscionable plan or scheme which is designed to improperly
14 influence the court in its decision." (internal quotation marks omitted)).

15 **B.  Substantive Due Process Claim**

16 Plaintiffs argue that Defendants failed to inform them prior to the summary judgment hearing
17 that the Notice of Final Disposition and Release of Notice of Pending Nuisance Abatement
18 Proceeding ("Notice") had been recorded—a notice that Plaintiffs assert rendered the state court writ
19 final and unappealable. This fact, Plaintiffs contend, would have allowed Plaintiffs to argue that the
20 state court writ had "res judicata" effect over their substantive due process claim. (*See* Dkt. No. 126
21 at 4.)

22 The parties agree that the Notice was recorded on November 27, 2012. The parties also agree
23 that their respective counsels had a December 4, 2012 phone conversation regarding, among other
24 things, the status of the nuisance liens. While the parties disagree as to who told whom that the
25 nuisance liens were lifted, Plaintiffs' counsel admits that Defendants' counsel "offered assurances"
26 that the nuisance liens were lifted, though she had no documentation to send to Plaintiffs' counsel to

confirm this. (Dkt. No. 141 ¶ 7.)[1] At the summary judgment hearing, Plaintiffs' counsel stated his understanding of the status of the nuisance liens. After discussing how the fines against Plaintiffs had been set aside, Plaintiffs' counsel stated, "[t]hen we were surprised, just about three weeks ago, they had took the recorded nuisance liens off." (Dkt. No. 125 at 14:17-18.) Plaintiffs were mailed a copy of the November 27 recorded Notice sometime in January 2013, after entry of judgment.

Although Plaintiffs were on notice as of December 4, 2012—at the latest—that the County's position was that the liens had been lifted, Plaintiffs maintain that they could not argue the res judicata effect of the state court writ at the December 20, 2012 hearing because they were not aware that the Notice was recorded. Plaintiffs contend that prior to the hearing Defendants "withheld the evidence" from Plaintiffs that the Notice was recorded. Plaintiffs, however, fail to explain why they did not check for the Notice in County records following the December 4 phone conversation. If they had checked after being informed that the nuisance liens were lifted, they would have presumably discovered the publicly available recorded Notice and could have made their res judicata argument. While it may have been convenient for Plaintiffs if Defendants had given them the recorded Notice earlier, Rule 60(b) does not grant a party relief where the party fails to reasonably pursue available evidence. The record shows that Plaintiffs failed to act with due diligence to discover the recorded Notice—not that Defendants improperly withheld the Notice.

Moreover, even if the Court were to assume all of Plaintiffs' arguments are correct—that Plaintiffs did not know at the hearing that the Notice had been recorded, that the state court writ was final once the Notice was recorded, and that the writ has res judicata effect—Plaintiffs' supposed new evidence is still unavailing. As an initial matter, Plaintiffs' invocation of res judicata is nonsensical. "[Res judicata] *bars* repetitious suits involving *the same cause of action* once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 131 S.Ct. 1723, 1730 (2011) (emphasis added) (internal quotation marks omitted). Plaintiffs,

---

[1] Defendants have filed a motion for leave to file an additional exhibit to an earlier filed declaration. (Dkt. No. 142.) The exhibit is an email between Defendants' counsel and Crapo regarding what Plaintiffs' counsel told her during the December 4 phone conversation. Plaintiffs object to the motion, correctly observing that the email is hearsay. Moreover, the Court does not consider the email in reaching its conclusion because Plaintiffs' motion fails even under their depiction of the December 4 phone conversation. Defendants' motion is accordingly DENIED.

presumably, are not attempting to bar their own repetitious suit. And while the state court agreed with Plaintiffs' interpretation of the applicable ordinance and found that the evidence did not support upholding the County's code enforcement action, the court did not find that Defendants violated Plaintiffs' substantive due process rights; Plaintiffs presented no such claim to the state court. Thus, even if Plaintiffs could somehow assert res judicata offensively, it would not apply here because this action and the state court action share no cause of action.

Plaintiffs likely intend to invoke the related doctrine of collateral estoppel, which "bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). Such an argument, however, would also fail as the issue of whether Defendants properly applied County ordinances is not determinative of whether Defendants violated substantive due process. As this Court already ruled in its previous Order, "[e]ven if Plaintiffs' interpretation is correct [], that DCD misinterpreted an ordinance does not mean Defendants violated substantive due process." (Dkt. No. 119 at 12); *see also Brittain v. Hansen*, 451 F.3d 982, 996 (9th Cir. 2006) ("[S]ubstantive due process secures individuals from 'arbitrary' government action that rises to the level of 'egregious conduct,' not from reasonable, though possibly erroneous, legal interpretation."). Thus, even if the Notice were new evidence, Plaintiffs were not prejudiced by any inability to present it to the Court prior to the entry of judgment.

## CONCLUSION

For the reasons stated above, the Court declines to entertain Plaintiffs' Rule 60(b) motion for relief. The motion is accordingly DENIED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 16, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE